THE ATTORNEY GENERAL
OF TEXAS


JIM MATTOX                          December 29, 1989
ATTORNEY GENERAL


Mr. Jerry P. Cunningham          Opinion No. JM-1131
Chairman
Texas Commission on Alcohol      Re: Applicability of article
  and Drug Abuse                 5561cc, V.T.C.S., to local
1705 Guadalupe                   substance     abuse    treatment
Austin, Texas  78701-1214        facilities or court residen-
                                 tial · treatment    facilities
                                 (RQ-1828)

Dear Mr. Cunningham:

    You ask several questions with respect to whether
"substance abuse treatment facilities" and "court residen-
tial treatment facilities," which are referred to in new
article 42.13 of the Code of Criminal Procedure, must be
licensed by the Texas Commission on Alcohol and Drug Abuse
(the commission). You are concerned about facilities which
are "operat[ed] directly by local adult probation depart-
ments or whose services are contracted by the local adult
probation departments." You ask that we "resolve these
issues with respect to the statutory law as it will exist
January 1, 1990."

    House Bill 2335 of the 71st Legislature effected a
reorganization of the criminal justice system in Texas.
Acts 1989, 71st Leg., ch. 785, at 3471. That act
established a Texas Department of Criminal Justice which is
to include, inter alia, a "community justice assistance
division." Id. §§ 1.11, 1.12, at 3473. The act further
provides that on January 1, 1990, the powers, duties, etc.,
of the Adult Probation Commission are transferred to the
Department of Criminal Justice. Id. § 1.20, at 3475.
Section 3.10 of the act repeals article 42.121 of the Code
of Criminal Procedure, which had provided for the Adult
Probation Commission, and section 3.01 of the act adds a new
article 42.13 providing for the community justice assistance
division of the Department of Criminal Justice. Generally
speaking, the act creates the community justice assistance
division (the division) as the successor entity to the Adult
Probation Commission.

Also, section 4.17 of the act repeals section 10 of article 42.12 of the Code of Criminal Procedure which had provided for local "probation departments," while section 3.02 of the act adds a new article 42.131 to the code providing for the establishment of "community supervision and corrections departments" (departments). Such departments, like their predecessor local probation departments, generally correspond to judicial districts. See Code Crim. Proc. art. 42.131, § 2. They are established by the district judge or judges handling criminal matters, and are financially supported by the counties they serve, judicial district funds, and state funds provided through the division. A department may receive state aid through the division only if a "community justice plan" has been submitted to the division for the department. Id. art. 42.13, § 6. Subsection (b) of section 6 provides in pertinent part with respect to the community justice plan:

A community justice plan required under this section must include:

(1) a summary of services provided by or available to the department at the time the plan is submitted;

(2) a description of proposed new facilities or programs or significant expansion of existing facilities or programs and a summary of how the department proposes to use the facilities or programs, with a particular emphasis on the plans of the department to expand the department's use of:

(A) electronic monitoring programs;

(B) testing for controlled substances; and

(C) community corrections facilities, including:

(i) restitution facilities;

(ii) court residential treatment facilities;

(iii) substance abuse treatment facilities;

> (iv)  custody  facilities  and  boot camps;
>
> (v)  facilities  for  offenders described by Section 1, Article 4413(49a), Revised Statutes;
>
> (vi)  intermediate  sanction  facilities;
>
> (vii)  pre-parole  transfer  facilities;
>
> (viii)  halfway houses; and
>
> (ix)  work  facilities.   (Emphasis added.)

The terms "substance abuse treatment facilities" and "court residential treatment facilities," which are included in the article 42.13 description of "community corrections facilities," are not statutorily defined.  Section 2 of article 42.131 appears to authorize a local "community supervision and corrections department" to establish the types of "community corrections facilities" described in article 42.13.[1]

The focus of your inquiry is whether substance abuse treatment facilities (SATFs) and court residential treatment facilities (CRTFs), either directly operated by or the services of which are contracted by local departments, must be licensed by the Commission on Alcohol and Drug Abuse. Provisions for the commission's licensure of certain

---

1. Section 3 of article 42.131 provides that a department "may establish community corrections facilities of the types described by section 5, Article 42.13." Section 5 of article 42.13 does not, however, appear to describe "types of facilities." Rather, it authorizes the community justice assistance division to take certain actions regarding the establishment of community corrections facilities (e.g., develop standards, fund contracts, etc.). We think it apparent that the intent of section 3 of article 42.131 is, in effect, to authorize a department to establish the "types of facilities" listed in section 6, subsection (b), of article 42.13, quoted above.

treatment facilities are codified in chapter 464, subchapter A, of the new Health and Safety Code. Acts 1989, 71st Leg., ch. 678, § 1, at 2881. The provisions of subchapter A derive primarily from former article 5561cc, V.T.C.S., which was repealed by section 13 of the codifying act. The provisions of subchapter A must, however, be read with the provisions of a separate bill of the 71st Legislature, Senate Bill 1674, which amended article 5561cc. Acts 1989, 71st Leg., ch. 660, at 2171.[2]

Senate Bill 1674 provides that "a person who offers or purports to offer chemical dependency treatment must obtain a license" from the commission. Id.; see also id. ch. 678, at 2882. "Treatment" is defined as "a planned, structured, and organized program designed to initiate and promote a person's chemical-free status or to maintain the person free of illegal drugs." Id. As you note in your request however, section 464.003(1) of subchapter A, read with the Senate Bill 1674 amendments, exempts from the licensure requirement "facilities directly operated by the state."

We do not think that facilities operated by local departments, to the extent that they offer "treatment" as defined in subchapter A as amended, would fall within the exemption for "facilities directly operated by the state" provided for in section 464.003(1). Facilities operated directly by a department would be staffed by district personnel employed by district judges. Code Crim. Proc. art. 42.131, § 2. Section 6 of article 42.131 specifically provides that such employees are not state employees except for certain tort claims and workers compensation purposes.

We do not think that facilities with which local departments contract for services could be said to be "facilities directly operated by the state," within the meaning of section 464.003(1), merely by reason of a local department's having contracted for their services. If, on the other hand, the department contracted with a facility operated directly by a state agency for the services in question, the facility would be exempt under section

---

2. Government Code section 311.031(c) provides, in part, that the repeal of a statute by a code does not affect an amendment of the statute by the same legislature that enacted the code. The amendment is preserved and given effect as part of the code provision.

464.003(1). Also, a facility with which the department contracted that was exempt from licensure by the commission under other provisions would not require licensure. See, e.g., id. § 464.003(4) (exempting from commission licensure an "educational program for intoxicated drivers").[3]

From a reading of the applicable provisions, it is apparent that the legislature intended section 2(c) of new article 42.13 to be the primary way of exempting department treatment facilities from commission licensure. Section 2(c) provides:

> (c) After consultation with the Texas Commission on Alcohol and Drug Abuse, the division by rule shall establish standards for the operation of substance abuse facilities and programs by the division and by departments. A facility or program operating under the standards is not required to be licensed or otherwise approved by any other state or local agency.

If a treatment facility, operated either by a department directly or by lawful contract, operates under standards validly established by the community justice assistance division pursuant to "consultation" with the Commission on Alcohol and Drug Abuse, the facility would be exempt from commission licensure under the terms of section 2(c).[4]    We

---

3. Please note, however, that we do not here address the legality of a department's contracting for the services of any particular facility. We address here only the question of licensure with respect to facilities with which a department has lawfully contracted. But see V.T.C.S. art. 4413(32), § 4A, providing for department contracts with other entities.

4. Section 13(f) of article 42.12 provides that a court, upon the making of certain determinations, shall require DWI offenders, as a condition of probation, to submit to treatment for drug or alcohol dependency

> in a program or facility approved or licensed by the Texas Commission on Alcohol and Drug Abuse or in a program or facility that complies with standards

(Footnote Continued)

understand from discussions with the legal staff at the Adult Probation Commission, which will be succeeded by the community justice assistance division of the Department of Criminal Justice on January 1, 1990, that the division intends to consult with the Commission on Alcohol and Drug Abuse and establish standards for the types of community corrections facilities about which you are concerned.

In light of the foregoing discussion, we will briefly respond to your questions as presented in your request.

Your first question is:

> Are SATFs and CRTFs chemical dependence 'treatment facilities' offering or purporting to offer 'treatment' (as those terms are defined in Section 1(7) & (12) of Article 5561cc, V.T.C.S. as amended)?

"Substance abuse treatment facilities" and "court residential treatment facilities" are not statutorily defired terms. The nature of such facilities for purposes of the commission's licensure provisions will depend on the standards for their operation, which are to be adopted by

---

(Footnote Continued)
established by the community justice assistance division of the Texas Department of Criminal Justice, after consultation by the division with the commission.

Also, section 11 of article 42.12 provides for basic conditions of probation and gives the sentencing court the authority to require the defendant to participate or remain under custodial supervision in a "community based" program or facility, see Code Crim. Proc. art. 42.12, § 11(10), (12), or to

> participate in substance abuse treatment services in a program or facility approved or licensed by the Texas Commission on Alcohol and Drug Abuse, if the person was sentenced for the offense involving controlled substances or the court determines that the defendant's use of controlled substances was connected to the commission of the offense . . . .

Id. § 11(16).

the community justice assistance division and/or the local community supervision and corrections departments, and ultimately on whether a given facility, regardless of the rubric attached to it, offers "treatment" as defined in chapter 464, subchapter A, of the Health and Safety Code, as amended.[5]

Your second question is:

> If so, are either or both CRTFs or SATFs made generally · exempt from the requirement of licensure pursuant to the terms of Sections 2(a) and (b) of Article 5561cc, as amended, by the terms of H.B. 2335 read in its entirety? See relevant provisions on the following pages of the attached H.B. 2335: 7-8, 13, 20-21, 24-25, 303-4, 56, 83, 90, 95, and 111.

As discussed above, we do not think that SATFs or CRTFs operated by a local community supervision and corrections department, or the services of which are contracted for by local departments, would be exempt as "facilities directly operated by the state" pursuant to section 464.003(1) of the Health and Safety Code, except where services were provided directly by a state agency. Also, if the facility is operated under standards validly adopted by the community justice assistance division under section 2(c) of article 42.13 of the Code of Criminal Procedure, it would be exempt from licensure by the Commission on Alcohol and Drug Abuse under the provisions of that section. There is no "general

---

5. Of course, if facilities denominated as substance abuse treatment facilities in fact offer substance abuse treatment, they will most likely be "treatment facilities" offering "treatment" within the meaning of article 5561cc, as amended, i.e., subchapter A of chapter 464 of the Health and Safety Code. The nature of court residential treatment facilities is not so apparent from that appellation. We note that the term "court residential treatment facility" is used in a rule adopted in 1988 by the Adult Probation Commission to refer to residential facilities operated by local probation departments for felony offenders "exhibiting drug and alcohol abuse problems or mental health problems." 37 T.A.C. § 321.14.

exemption" for substance abuse treatment facilities and court residential treatment facilities.

Your third question is:

> If a local adult probation department receives state or federal funds under a grant or contract with the Texas Adult Probation Commission or its successor, are either or both CRTFs or SATFs operated by or funded by the local office exempt:
>
>> a. as facilities operated by the state, regardless of the wording in H.B. 2335, or,
>>
>> b. under Section 2c of Article 42.13 V.T.C.S. (H.B. 2335).

We do not think that the receipt of state or federal funds by a local department (to be known as a "community supervision and corrections department" as of January 1, 1990), is in itself determinative of the exempt status of a facility operated or funded by the department. The receipt of such funds does not in itself determine, for example, whether the facility is exempted as one "directly operated by the state," under Health and Safety Code section 464.003(1), or as one operated under standards validly established by the community justice assistance division, after consultation with the commission, pursuant to section 2(c) of article 42.13 of the Code of Criminal Procedure.

Your fourth question is:

> Does TCADA have legal authority under Article 5561cc to waive its current requirement of licensure of CRTFs if the CRTF offers chemical dependency treatment services as defined in the Act (as opposed to limiting its services to substance abuse counseling) without offering or purporting to offer treatment?

We find no authority for the Commission on Alcohol and Drug Abuse to "waive" its licensure requirements.

Your last question is:

> Were the terms CRTF and SATF intended by the legislature to be synonymous entities for purposes of applying Article 5561cc?

As we stated earlier, the terms "substance abuse treatment facility" and "court residential treatment facility" are not statutorily defined. We think that the legislature intended that the nature of such facilities, for purposes of the commission's licensure provisions, is to be determined by the standards adopted for their operation by the community justice assistance division and/or the local community supervision and corrections departments that operate them. The respective appellations indicate that CRTFs are to be residential facilities but substance abuse treatment facilities not necessarily so, and that SATFs offer substance abuse treatment while court residential treatment facilities might not. Regardless of the rubric attached to it, whether a particular facility is a "treatment facility" and offers "treatment" within the meaning of the commission's licensure provisions, see Health & Safety Code ch. 464, subch. A, as amended, will ultimately depend on whether the facility in fact offers such "treatment."

## S U M M A R Y

A community corrections facility directly operated by a community supervision and corrections department under articles 42.13 and 42.131 of the Code of Criminal Procedure, and offering substance abuse 'treatment' as defined in Health and Safety Code section 464.001, as amended, would not be exempt from licensure by the Commission on Alcohol and Drug Abuse as "a facility directly operated by the state" pursuant to section 464.003(1) of the Health and Safety Code, as amended.

Neither would a facility offering such treatment services on contract to a department be exempt as "directly operated by the state" unless the contractee directly operating the facility is a state agency.

Such a facility would, however, be exempt from licensure by the commission if it operates under standards validly adopted by the community justice assistance division of

the Department of Criminal Justice, pursuant
to article 42.13, section 2(c), of the Code
of Criminal Procedure.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General